UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

BARRY McANDREWS,

      Plaintiff,

      v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

      Defendant.

No.  CV-13-3099-RHW

ORDER GRANTING PLAINTIFF'S MOTION  FOR SUMMARY JUDGMENT

     **BEFORE THE COURT** are cross-motions for summary judgment.  ECF Nos.  20, 22.  Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney Jeffrey R. McClain represents the Commissioner of Social Security (Defendant).  After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES** Defendant's Motion for Summary Judgment.

## JURISDICTION

     On August 14, 2006, Plaintiff filed a Title II application along with a Title XVI application for a period of disability and disability insurance benefits, alleging disability in both claims beginning October 15, 2001.  Tr. 134; 264.  Plaintiff indicated that he was unable to work due to asthma, ADHD, depression and sinus problems.  Tr. 269.  The claim was denied initially, denied upon reconsideration, and Plaintiff subsequently requested a hearing.  Tr. 127-54; 159-97.   On March

27, 2009, ALJ R. S. Chester presided over an administrative hearing at which vocational expert Daniel McKinney and Plaintiff, who was represented by counsel, testified.  Tr. 50-71.  ALJ Chester denied Plaintiff's claim on April 14, 2009.  Tr. 134-47.

Plaintiff requested review from the Appeals Council, and along with the request, Plaintiff submitted an opinion letter from vocational expert Roger Wentz, dated September 25, 2003.  Tr. 341-44.  On February 6, 2011, the Appeals Council remanded the case and instructed the ALJ to obtain supplemental evidence from a vocational expert to clarify the assessed limitations on Plaintiff's occupational base.  Tr. 155-56.  The Appeals Council also directed the ALJ to offer the Plaintiff an opportunity for hearing, to address the evidence submitted with the request for review, and to issue a new decision.  Tr. 156.

On July 21, 2011, ALJ Caroline Siderius presided over the second administrative hearing, at which medical expert Margaret Moore, Ph.D., vocational expert Daniel McKinney, and Plaintiff, who was represented by counsel, testified.  Tr. 73-126.  ALJ Siderius denied Plaintiff's claim on August 25, 2011.  Tr. 21-39.  The Appeals Council declined review.  Tr. 1-5.  The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties and thus, they are only briefly summarized here.  At the time of the second hearing, Plaintiff was 47 years old, single, and was staying with friends.  Tr. 97; 106.  He said he was in special education classes up to the eighth grade, and he quit school after the tenth grade.  Tr. 55.

Plaintiff testified that he suffers from chronic sinus infections.  Tr. 109.  He said that he misses too many days of work and has to quit because of his frequent

sinus problems.  Tr. 109.   Plaintiff said he last worked at McDonald's, and that job ended because he had sinus surgery.  Tr. 97.  He testified that he has been in jail more than ten times in the past ten years.  Tr. 99.  At the time of the hearing, Plaintiff said he had been "clean and sober" since May, 2011.  Tr. 99.

Plaintiff's daily activities include attending AA meetings and group counseling sessions.  Tr. 106-07.  He also watches television.  Tr. 107.  He has a ten-year old daughter whom he cares for on Saturdays, and he said he takes her to Walmart, to see movies, and to the park.  Tr. 108.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable construction of the applicable statutes.   *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).   The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id.*  at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales, 402 U.S. 389, 401 (1971).*  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a

finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 15, 2001, the alleged onset date. Tr. 23. At step two, the ALJ found Plaintiff has had the following severe impairments: personality disorder, learning disorder, depressive disorder; substance abuse; asthma; and sinusitis. Tr. 24. At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.929(d), 416.925 and 416.926). Tr. 24-25. The ALJ found that Plaintiff has the residual functional capacity to perform

light work with certain additional limitations including: "the claimant can never climb ladders, ropes, and scaffolds." Tr. 26. The ALJ concluded that Plaintiff could not perform past relevant work, but considering Plaintiff's age, education, work experience and residual functional capacity, jobs exist in significant numbers in the national economy that Plaintiff can perform, such as small parts assembler and packing line worker. Tr. 38. As a result, the ALJ concluded Plaintiff was not disabled as defined by the Social Security Act. Tr. 39.

## ISSUES

Plaintiff argues that the ALJ erred by: (1) failing to comply with the Appeals Council remand order; (2) improperly evaluating Plaintiff's impairments at step two; (3) finding Plaintiff had little credibility; (4) improperly weighing the medical evidence; and (5) relying upon the testimony of the vocational expert when the hypothetical was incomplete. ECF No. 20 at 13; 23.

## 1.    Appeals Council Remand Order.

Plaintiff contends that the ALJ failed to comply with the Appeals Council order by failing to consider the opinions of vocational expert Roger Wentz. ECF No. 20 at 14-15

On April 20, 2009, Plaintiff requested the Appeals Council review ALJ Chester's decision dated April 14, 2009. Tr. 196-97. Along with the request, Plaintiff filed a September 25, 2003, opinion letter signed by vocational expert Robert Wentz. Tr. 341-42.

On February 6, 2011, the Appeals Council accepted review, vacated the ALJ decision, and remanded the case to an administrative law judge. Tr. 155-56. The Council found that Plaintiff's RFC – that limited Plaintiff to performing simple, repetitive work away from the public that did not involve collaboration with coworkers – precluded some of the jobs identified by the ALJ as jobs Plaintiff could perform. Tr. 155. Also, the Council observed that because the recording of

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 5

the hearing was of poor sound quality, the Council was unable to understand exchanges between Plaintiff's counsel and the vocational expert and thus the record was incomplete.  Tr. 155.

The Council directed that on remand, the ALJ "will obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base.  The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole."  Tr. 156 (reference omitted).  Additionally, the ALJ was directed on remand to "offer the claimant an opportunity for a hearing, address the evidence which was submitted with the request for review," and take further action as necessary to complete the record and issue a new decision.  Tr. 156.

Plaintiff argues that Mr. Wentz's opinion letter, when considered together with the medical provider opinions regarding Plaintiff's psychological limitations, establish Plaintiff is disabled.  ECF No. 20 at 15.  The ALJ failed to address Mr. Wentz's opinion letter.

Mr. Wentz's opinion letter is not specific to Plaintiff.  The letter indicates that a hypothetical worker with a combination of five or more moderate limitations in any of the mental activities "would have sufficient deficiencies that no employer would be able to economically justify maintaining the employee."  Tr. 342.  Thus, Plaintiff argues, because Drs. McRae, Beaty and Moore all agree that Plaintiff has five moderate limitations or more, Plaintiff is disabled.  ECF No. 20 at 15-16.

Margaret Moore, Ph.D, a clinical psychologist, testified at the second administrative hearing that the record revealed Plaintiff was moderately impaired

in seven mental categories.[1]  Tr. 93.  The ALJ gave Dr. Moore's opinion
significant weight.  Tr. 34.

On October 29, 2006, DSHS consulting psychologist John McRae, Ph.D.,
found that Plaintiff had moderate limitations in five mental categories.[2]  Tr. 729-
30.  The ALJ gave this opinion from Dr. McRae "some weight," noting that the

_____

[1]Dr. Moore referenced these listed categories by the number assigned the limitation
on the form:

> Q.  I was wondering on that 20-item mental residual functional
> capacity for, Social Security's form – if you could indicate any
> impairments that you believe would be at the moderate level or
> greater based on the record.
> A.  Okay.  Moderate would be three, five, as opposed to the marked
> that the DDS saw.  No significant to moderate on six.  Moderate on
> number nine.  Moderate on 12, 14, 15, 16.

Tr. 93; see, e.g., Tr. 729-30.  The seven categories Dr. Moore identified include
the ability to:  (i) understand and remember detailed instructions; (ii) carry out
detailed instructions; (iii) work in coordination with or proximity to others without
being distracted by them; (iv) interact appropriately with the general public; (v)
accept instructions and respond appropriately to criticism from supervisors; (vi) get
along with coworkers or peers without distracting them or exhibiting behavioral
extremes; and (vii) maintain socially appropriate behavior and to adhere to basic
standards of neatness and cleanliness.  Tr. 93; 729-30.

[2]The five categories of moderate impairments Dr. McRae identified included the
ability to:  (i) maintain attention and concentration for extended periods; (ii) work
in coordination with or proximity to others without being distracted by them; (iii)
interact appropriately with the general public; (iv) accept instructions and respond
appropriately to criticism from supervisors; and (v) get along with coworkers or
peers without distracting them or exhibiting behavioral extremes.  Tr. 729-30.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 7

opinion related to two marked impairments was not supported by the record.[3] Tr. 35. On March 21, 2007, Edward Beaty, Ph.D., affirmed Dr. McRae's assessment. Tr. 771.

Additionally, Mr. Wentz asserted that one of the abilities – the ability to accept instructions and respond appropriately to criticism from supervisors – that both Drs. Moore and McRae both found was moderately limited "is mandatory in the general labor market," and a moderate impairment in this ability would mean a worker would likely need a sheltered workshop. Tr. 341. This provides an additional basis, Plaintiff argues, to find Plaintiff disabled.

Defendant's response to Plaintiff's argument is that the ALJ's failure to address Mr. Wentz's opinion is harmless error. ECF No. 22 at 16. Defendant reasons that Mr. Wentz provided only a "generic opinion regarding functional limitations," unlike the testifying vocational expert, and the generic opinion was insufficient "to undermine the substantial evidence supporting the ALJ's conclusions." ECF No. 22 at 16-17.

An error is deemed harmless so long as substantial evidence remains that supports the ALJ decision, and the error "does not negate the validity of the ALJ's ultimate conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), citing *Batson*, 359 F.3d at 1195-97. In this case, the Court cannot find that the ALJ's failure to address Mr. Wentz's report was harmless error, because if the report is credited and weighed more heavily than the testifying vocational expert,

---

[3]The two categories in which Dr. McRae found Plaintiff was markedly impaired were in the ability to understand and remember detailed instructions and in the ability to carry out detailed instructions. Tr. 729. Dr. Moore disagreed with the "marked" rating, and opined that Plaintiff was moderately impaired in these categories. Tr. 93.

Plaintiff would be deemed disabled.  Although specific, legitimate reasons may exist for rejecting Mr. Wentz's report, the court is constrained to review only those reasons asserted by the ALJ.  *Pinto v. Massanari,* 249 F.3d 840, 847-48 (9th Cir. 2001).  In this case, the ALJ erred by failing to address Mr. Wentz's opinion.

The Court has discretion in deciding whether to remand for further proceedings or for immediate payment of benefits.  *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).  The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r,* 635 F.3d 1135, 1138 (9th Cir. 2011) (*quoting Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Under the "crediting as true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting the evidence; (2) no outstanding issues exist that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.  *Id.*  The "crediting as true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (*citing Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 1991)).

In this case, the vocational experts offered contradictory evidence. Applying one vocational expert's opinion, Plaintiff can work; apply the opinions of the second vocational expert, Plaintiff is disabled.  As a result, applying the "credit as true" analysis is not appropriate in this context.  The ALJ failed to address Mr.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 9

Wentz's evidence, and thus the case must be remanded for reconsideration of the report.

2.    **Step Two.**

Plaintiff argues that the ALJ erred at step two by failing to find Plaintiff's obstructive lung disease, asthma, and chronic sinusitis as severe impairments. ECF No. 20 at 21.

The ALJ found that Plaintiff's borderline intellectual functioning was nonsevere for several reasons, including that no objective medical evidence existed this impairment "significantly limits the claimant's ability to perform basic work activities." Tr. 24. Similarly, the ALJ found that Plaintiff's diagnosis of ADHD and anxiety were non-severe, in part, because no objective medical evidence existed that these impairments "significantly [limit] the claimant's ability to perform basic work activities." Tr. 24.

At step two of the sequential evaluation, the ALJ determines whether Plaintiff has "a severe medically determinable physical or mental impairment" that meets the twelve-month durational requirement. 20 C.F.R. § 416.909. "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an [individual's] ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996), citing SSR 85-28. The step two inquiry is a *de minimis* screening device to dispose of groundless or frivolous claims. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988).

Specifically, Plaintiff contends that in determining whether his borderline intellectual functioning, attention-deficit hyperactivity disorder and anxiety constituted severe impairments, the ALJ used an incorrect standard. ECF No. 20 at 21. In other words, Plaintiff complains, the ALJ used a more rigorous standard that made it more difficult for Plaintiff to establish a severe impairment.

In deciding if Plaintiff's impairments were severe, the ALJ examined whether the impairment "significantly limited" Plaintiff's ability to work, instead of the applicable standard whether the impairment had "no more than a minimal effect" on Plaintiff's ability to work. These standards are significantly different, and thus on remand, the ALJ should reconsider all of Plaintiff's impairments, and apply the "no more than a minimal effect" test to determine if Plaintiff's impairments qualify as severe impairments at step two.

**3.      Credibility.**

Plaintiff argues that the ALJ erred in finding that he lacked credibility. ECF No. 20 at 23-24. Plaintiff argued that ALJ improperly relied upon two activities – Plaintiff's playing with a hackey sack ball and riding a bicycle– to determine he was not as limited as he claimed. ECF No. 20 at 23-24. Defendant responds that Plaintiff's challenge to the credibility determination is facially insufficient because the remaining, unchallenged reasons are sufficient to support the negative credibility determination. ECF No. 22 at 6-7.

The ALJ found Plaintiff had little credibility. Tr. 28-29. As the ALJ found, Plaintiff's testimony that he went to the emergency room every two to three months to treat his sinus infections and asthma attacks contradicted the medical evidence that he had asthma attacks only twice per year in 2011, and he had no attacks in the six months preceding the hearing. Tr. 28; 1239. Also, as the ALJ found, Plaintiff testified that he had last used methamphetamine in 1991, yet he tested positive for methamphetamine twice in March 2010. Tr. 28; 973. Additionally, as the ALJ noted, Plaintiff was not compliant with his prescribed medications and treatment, and when he was compliant, his symptoms were controlled. Tr. 29-30; 430-31; 437. Finally, as the ALJ explained, many of Plaintiff's complaints regarding his mental health issues were related to the effects

of his failure to comply with his medications for anxiety and depression.  Tr. 30; 608; 611; 657.

The ALJ is responsible for determining credibility.  *Andrews*, 53 F.3d at 1039.  Unless affirmative evidence exists indicating that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing."  *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1996).   The ALJ's findings must be supported by specific, cogent reasons.  *Rashad v. Sullivan,* 903 F.2d 1229, 1231 (9th Cir. 1990).  "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir. 1998), quoting *Lester*, 81 F.3d at 834.  In determining credibility, an ALJ properly considers Plaintiff's prior inconsistent statements, an inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and Plaintiff's daily activities.  *See, e.g., Fair v. Bowen,* 885 F.2d 597, 602-04 (9th Cir. 1989).

In this case, the ALJ relied upon several valid factors to find that Plaintiff had little credibility, and as Defendant noted, Plaintiff challenged only one.  Even assuming *arguendo* that the ALJ erred by relying upon Plaintiff's activities to discount his credibility, the error is harmless because the ALJ's remaining credibility reasons are supported by substantial evidence.  *See Batson*, 359 F.3d at 1195-97.   As a result, Plaintiff's claim fails.

**4.    Medical Evidence.**

Plaintiff contends that the ALJ erred by rejecting the opinion of Plaintiff's treating physician on the basis that he was not "medically trained to give an opinion" regarding Plaintiff's mental health.  ECF No. 20 at 19.

On July 14, 2006, Donald G. Hill, M.D., Plaintiff's treating physician, completed a Physical Evaluation in which he diagnosed Plaintiff with COPD and

asthma, and opined Plaintiff was limited to light work.  Tr. 577.  In a treatment note also dated July 14, 2006, Dr. Hill opined that Plaintiff was mildly to moderately disabled "based upon concerns about his COPD and reactive airway disease, but I think also to a significant extent due to his psychiatric problems and social instability.  All of these are complicated by his history of drug abuse and alcohol abuse."  Tr. 589.

The ALJ gave little weight to Dr. Hill's opinion for three reasons: (i) because little evidence existed that Plaintiff's asthma has resulted in exertional limitations; (ii) Plaintiff's daily exertional activities of walking and riding a bike undermine the opinion; and (iii) because "Dr. Hill is not medically trained to give an opinion as to Plaintiff's mental health status."  Tr. 34.

Plaintiff challenges the ALJ's reliance upon the fact that Dr. Hill is not a specialist in mental health.  ECF No. 20 at 19.  An ALJ may consider a doctor's area of expertise in determining the weight a doctor's opinion should be given; however, an ALJ may not reject a doctor's opinion regarding medical limitations *solely* on the grounds the opinion is outside the doctor's area of expertise.  See 20 CFR §404.1527(c)(2)(ii).

Plaintiff is correct that the regulations provide that a treating doctor's opinion will be considered, even if the subject of the opinion is outside the doctor's area of expertise, and such an opinion is entitled to greater weight than the opinion from an examining source:

> For example, if your ophthalmologist notices that you have complained of neck pain during your eye examinations, we will consider his or her opinion with respect to your neck pain, but we will give it less weight than that of another physician who has treated you for the neck pain. When the treating source has reasonable knowledge of your impairment(s), we will give the source's opinion more weight than we would give it if it were from a nontreating source.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 13

20 CFR §404.1527(c)(2)(ii).

In this case, the ALJ gave little weight to Dr. Hill's opinions for several valid reasons, not *solely* because Dr. Hill was not a trained mental health professional, and thus the ALJ did not err. Plaintiff fails to challenge the other reasons, supported by substantial evidence that the ALJ cited for giving little weight to Dr. Hill's opinion. Because the ALJ provided several valid reasons for discounting Dr. Hill's opinion, Plaintiff's claim fails.

Plaintiff also complains that the ALJ failed to provide a "new" analysis of the medical evidence, which he argues was required by the Appeals Council. ECF No. 20 at 20. Plaintiff argues that the ALJ's decision "is essentially the prior unfavorable decision," and thus, Plaintiff concludes, "[t]he ALJ failed to provide detailed, reasoned, and legitimate rationales for the decisions regarding the weight accorded to the opinion evidence of record." ECF No. 20 at 20.

Plaintiff's argument that the ALJ's decision is faulty because the decision was not completely re-written is unavailing. First, the Appeals Council remand order directs the ALJ to obtain more evidence regarding Plaintiff's vocational capacity, and the order does not address or take issue with the ALJ's analysis of the opinion evidence. As such, Plaintiff interprets too broadly the Council's order that the ALJ produce a "new decision."

Second, while Plaintiff summarily asserts that the ALJ's opinion evidence lacked "detailed, reasoned, and legitimate rationales" related to analysis of the opinions, Plaintiff fails to provide specific analysis or argument. The Court ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). The Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an

appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). In light of Plaintiff's failure to provide meaningful argument related to the analysis of the opinion evidence, the Court declines to consider this issue.

**5.    Incomplete Hypothetical.**

Finally, Plaintiff contends that the ALJ erred by relying upon an incomplete hypothetical posed to the vocational expert, to find that Plaintiff could perform certain jobs. ECF No. 20 at 17. Plaintiff argues that the RFC in the written decision limits Plaintiff to light work, and restricts him from climbing ladders, ropes and scaffolds, but the hypothetical posed to the expert failed to include these limitations. ECF No. 20 at 17.

Plaintiff is partially correct. Plaintiff's RFC limited him to light work as defined in 20 C.F.R. 404.1567(b) and 416.967 (b), except in part, Plaintiff "can never climb ladders, ropes, and scaffolds." Tr. 26. Contrary to Plaintiff's assertions, the hypothetical posed to the vocational expert included the restriction that Plaintiff can never climb ladders, ropes, and scaffolds. Tr. 121.

However, as Plaintiff contends, the hypothetical posed to the vocational expert did not specify light work, nor did the hypothetical include the lifting restrictions attendant to light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. See Tr. 121; *compare* 20 C.F.R. 404.1567(b) and 416.967 (b). In fact, the ALJ told the vocational expert that in considering the hypothetical worker, the "lift and carry" was unrestricted. Tr. 122.

In response, the vocational expert opined that a "fairly broad range of sedentary and light work" was available for the hypothetical worker. Tr. 122. The ALJ noted that based upon the vocational expert's testimony, the worker would be

able to perform the requirements of representative occupations of sedentary and light unskilled work with a sit/stand option such as: small parts assembler, DOT 649.685-010, and packing line worker, DOT 753.687-038.  Tr. 38.  However, the DOT code provided by the vocational expert for "small parts assembler," is in fact attached to "automatic-machine attendant," which requires medium exertion.  See DOT 649.685-101.[4]

On remand, the ALJ is directed to correct the reference to the DOT code, or identify a new representative occupation that is appropriate pursuant to Plaintiff's RFC.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the court concludes the ALJ's decision is based on legal error, and requires remand.   On remand, the new ALJ is directed to consider and weigh Mr. Wentz's opinion letter, and reconsider the determinations at both Step Two and Step Five.  The decision is therefore REVERSED and the case is REMANDED for further proceedings consistent with this opinion.   Accordingly,

---

[4]ATTENDANT (paper goods) alternate titles: machine assembler.

> Tends automatic cutting, curling, crimping, capping, labeling, or tubing machines that assemble paper products, such as spools and tubes: Presses pedals, buttons, and switches or turns valves to start and stop machines and auxiliary devices, such as glue heaters, curling heads, and air ejectors. Dumps tubes, caps, labels, covers, spool shields, or paper strips into dispenser, feeds them onto conveyor, or positions them on mandrel. Pours glue into pots. Clears jams. May stack finished product on truck.

> GOE: 06.04.04 **STRENGTH: M** GED: R2 M1 L1 SVP: 2 DLU: 79

DOT 649.685-010 (emphasis added).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 16

**IT IS HEREBY ORDERED**:

      1.      Plaintiff's Motion for Summary Judgment (ECF No. 20) is **GRANTED.**  The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. 405(g).

      2.      Defendant's Motion for Summary Judgment (ECF No. 22) is **DENIED.**

      3.      An application for attorney fees may be filed by separate motion.

      4.      The District Court Executive is directed to enter Judgment for Plaintiff.

      **IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel, and **close the file**.

      **DATED** this 9th day of October, 2014.


                        _s/Robert H. Whaley_
                        ROBERT H. WHALEY
                  Senior United States District Judge